IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD RAY LONG,<br>　　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | No. 3:25-CV-02297-B-BW |
| DALLAS HOUSING AUTHORITY,<br>et al.,<br>　　　Defendants. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, this pro se civil action was referred to the United States magistrate judge for judicial screening including the entry of findings and a recommended disposition where appropriate.  Upon review of the relevant pleadings and applicable law, the District Judge should dismiss Plaintiff's federal claims under 28 U.S.C. § 1915(e)(2)(B) and decline to exercise supplemental jurisdiction over any remaining state claims.

## I.  BACKGROUND

Donald Ray Long, proceeding pro se, filed this complaint on August 26, 2025, against the Dallas Housing Authority ("DHA"), Pace Realty Corporation, Roscoe Property Management (alleged successor to Pace Realty), and ProCollect, Inc.  (Dkt. No. 3.)  The events underlying the allegations in the complaint span from 2019 through approximately 2021.  (*See id.* at 2.)  Long claims that DHA improperly denied his relocation requests and ultimately terminated his Section 8 housing voucher, that his former landlord Pace Realty subjected him to fraudulent fees and

constructive eviction, and that ProCollect attempted to collect an unvalidated debt. (*Id.* at 5-6.)  He asserts claims under the Fair Housing Act, procedural due process under the Fourteenth Amendment, Rehabilitation Act, Fair Debt Collection Practices Act, Fair Credit Reporting Act,  common law fraud, constructive eviction, successor liability/obstruction, and civil conspiracy.  (*Id.* 3-7.)

As discussed below, Long's federal claims are both time-barred and fail to state a claim upon which relief may be granted

## II. LEGAL STANDARDS

Because Long proceeds in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  Under that statutory provision, a court must dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law.").  And while pro se pleadings are liberally construed, a plaintiff still must allege sufficient facts to state a plausible claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Id*. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice.  *See id.*

2

## II. ANALYSIS

**A.    Plaintiff's Fair Housing Act, procedural due process, Rehabilitation Act, Fair Debt Collection Practices Act, and Fair Credit Reporting Act claims are time-barred.**

When a limitations bar is apparent from the face of the pleadings, a court may dismiss the claims during screening. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Here, Long's Fair Housing Act ("FHA"), procedural due process, Rehabilitation Act ("RA"), Fair Debt Collection Practices Act ("FDCPA"), and Fair Credit Reporting Act ("FCRA") claims are all subject to dismissal because the statute of limitations applicable to the respective claim expired before Long filed this action.

According to the complaint, the event giving rise to Long's claims occurred between October 2019 and February 2021. Long alleges that DHA denied a relocation request in October 2019, approved a rent increase in November 2019, denied subsequent relocation requests during 2020, failed to intervene in eviction proceedings initiated in August 2020, and ultimately terminated his housing voucher in February 2021. (Dkt. No. 3 at 2-4.) Long further alleges that ProCollect attempted to collect an allegedly invalid debt and failed to provide validation after Long disputed the debt in January 2021. (*Id.* at 3-4.) Yet, Long did not file this action until August 26, 2025, more than four years after the last alleged misconduct.

The FHA and RA claims are plainly untimely. The FHA requires a civil action to be filed within two years of the alleged discriminatory housing practice. 42 U.S.C. § 3613(a)(1)(A). Likewise, RA claims arising in Texas are governed by a

two-year limitations period.  *See Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 982-83 (5th Cir. 1992).  Both claims arise from the same housing-related events alleged in the complaint.  Long contends that DHA improperly denied relocation requests, approved rent increases, failed to address issues involving his landlord, and ultimately terminated his housing voucher in February 2021.  (Doc. 3 at 2-4, 7.)  To the extent Long alleges that these actions constituted housing discrimination under the FHA or a failure to accommodate under the RA, those claims accrued no later than February 2021, when the challenged housing decisions concluded and DHA terminated his voucher.  Because Long did not file this action until August 26, 2025, any FHA or RA claim expired no later than February 2023 and is therefore time-barred.

Long's procedural due process claim is similarly barred.  Although Long invokes the Fourteenth Amendment, constitutional claims against state actors must be brought through 42 U.S.C. § 1983.  *See Burns-Toole v. Byrne*, 11 F.3d 1270, 1273 (5th Cir. 1994); *Hearth, Inc. v. Dep't of Pub. Welfare*, 617 F.2d 381, 383 (5th Cir. 1980).  Section 1983 claims arising in Texas are governed by the state's two-year personal injury limitations period.  *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *see* Tex. Civ. Prac. & Rem. Code § 16.003(a).  Long's due process claim accrued, at the latest, when he learned in February 2021 that DHA had terminated his housing voucher.  (Doc. 3 at 2,4.)  Accordingly, that claim expired in February 2023.

The FDCPA claim fares no better.  An FDCPA action must be brought within one year of the alleged violation.  *See* 15 U.S.C. § 1692k(d).  Long alleges that he

disputed the debt on January 8, 2021, and that ProCollect thereafter failed to provide validation. (Doc. 3 at 2-3.) Any FDCPA claim therefore expired no later than early 2022—more than three years before this action was filed.

To the extent Long asserts a claim under the Fair Credit Reporting Act ("FCRA"), that claim is likewise time-barred. The FCRA provides a two-year limitations period running from the date on which the plaintiff discovered the violation, or five years from the date of the violation itself, whichever is earlier. 15 U.S.C. § 1681p. Although the complaint does not expressly identify when Long discovered the allegedly inaccurate credit entry, his own allegations establish that he was aware of ProCollect's collection activity and disputed the underlying debt in writing on January 8, 2021. (Doc. 3 at 3.) The complaint contains no allegation that Long discovered the inaccurate reporting at any later date, and the natural inference from the pleading is that discovery occurred no later than early 2021. Because this action was not filed until August 26, 2025, more than two years after that date, the FCRA claim is time-barred regardless of which accrual point applies.

Nor does the complaint contain any basis for tolling. Equitable tolling is reserved for rare and exceptional circumstances, such as when a plaintiff is actively misled by a defendant or prevented in some extraordinary way from asserting his rights. *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). Here, Long does not allege that Defendants concealed the relevant facts, prevented him from filing suit, or otherwise impeded his ability to pursue his claims. On the contrary, the complaint demonstrates that Long was aware of the conduct about which he now complains

5

and actively challenged that conduct as it occurred.  Because the untimeliness of Long's federal claims is apparent from the face of the complaint and no basis for tolling has been alleged, those claims are subject to dismissal.

**B.    Plaintiff's FCRA claim fails to state a claim.**

Even if Long's FCRA claim were not barred by limitations, it would be subject to dismissal on the independent basis that it fails to state a claim upon which relief may be granted.  Although Long alleges that ProCollect furnished inaccurate information regarding an alleged debt and failed to investigate his dispute (Doc. 3 at 3, 5), those allegations do not state a viable private cause of action under the FCRA.

The FCRA distinguishes between a furnisher's duty to provide accurate information and its duty to investigate disputed information.  While furnishers generally may not report inaccurate information, Congress did not create a private right of action for violations of those initial reporting duties.  *See* 15 U.S.C. § 1681s-2(c)-(d).  Instead, a private plaintiff may pursue a claim only under § 1681s-2(b), which governs a furnisher's obligations after receiving notice of a dispute from a consumer reporting agency.  *See Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639-40 (5th Cir. 2002).

Notably, a furnisher's duties to investigate and respond are triggered only after a consumer reporting agency notifies the furnisher that the consumer has disputed information appearing on his credit report.  15 U.S.C. §§ 1681i(a)(2), 1681s-2(b); *Young*, 294 F.3d at 639-40.  Absent such notice, no duties arise under § 1681s-2(b), and no private FCRA claim exists.  *See* 15 U.S.C. §§ 1681i(a)(2), 1681s-2(b); *Young*,

294 F.3d at 639-40 (holding that any private claim under § 1681s-2(b) requires proof that a consumer reporting agency notified the furnisher of the dispute).

Here, Long alleges only that he disputed the debt directly with ProCollect and requested validation of the debt. (Doc. 3 at 2-3.) Specifically, he alleges that he requested debt validation from ProCollect and formally disputed the charges by email on January 8, 2021. (*Id.*) Those allegations describe a direct dispute between a consumer and a debt collector, not the dispute process that gives rise to a private claim under § 1681s-2(b). The complaint contains no allegation that Long disputed the debt through a consumer reporting agency or that any consumer reporting agency notified ProCollect of a dispute. Because a furnisher's duties under § 1681s-2(b) arise only after receiving notice from a consumer reporting agency, the conduct alleged in the complaint falls outside the scope of the private cause of action created by the FCRA. Accordingly, Long fails to state a plausible claim under § 1681s-2(b).

Moreover, leave to replead is unwarranted. Although courts generally afford pro se litigants an opportunity to amend before dismissal, leave to amend is not required where amendment would be futile. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Long's failure to state a claim under § 1681s-2(b) provides an alternative basis for dismissal. As discussed in Section A, Long's own allegations establish that he was aware of the alleged debt, disputed it, and challenged ProCollect's reporting no later than January 2021. Those allegations affix the accrual date of any FCRA claim and establish that the limitations period expired in January 2023. *See* 15 U.S.C. § 1681p.

Thus, even if Long were permitted to replead and allege the statutory prerequisites for furnisher liability under § 1681s-2(b), he could not replead a timely FCRA claim. Because amendment would not cure the limitations defect, repleading would be futile, and dismissal with prejudice is appropriate.

**C.      The Court should decline to exercise supplemental jurisdiction.**

Long's remaining claims for common-law fraud, violations of the Texas Deceptive Trade Practices Act, constructive eviction, successor liability, and civil conspiracy arise solely under Texas law.  (Doc. 3 at 5-7.)  To the extent Long asserts successor liability as a separate claim, successor liability is not an independent cause of action but rather a theory by which liability may be imposed for an underlying substantive claim. *See McKee v. Am. Transfer & Storage*, 946 F. Supp. 485, 487 (N.D. Tex. 1996) (recognizing that Texas generally does not impose successor liability absent circumstances giving rise to liability for the predecessor's obligations).

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it had original jurisdiction." 28 U.S.C. § 1367(c)(3).  Where, as here, all federal claims are dismissed at the pleading stage, the general rule in this circuit is to decline supplemental jurisdiction and dismiss the state law claims without prejudice.  *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) (citations omitted) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.")).

8

That general rule applies here. Because Long's federal claims under the Fair Housing Act, Rehabilitation Act, 42 U.S.C. § 1983, Fair Debt Collection Practices Act, and Fair Credit Reporting Act are subject to dismissal, no federal claim remains.  The Court therefore declines to exercise supplemental jurisdiction over Long's remaining state-law claims and should dismiss those claims without prejudice.

## III. RECOMMENDATION

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the District Judge should **DISMISS WITH PREJUDICE** Long's federal claims as being time barred and for failure to state a claim upon which relief may be granted.  The District Judge should also decline to exercise supplemental jurisdiction over Long's state-law claims and **DISMISS** those claims **WITHOUT PREJUDICE**.

**SO RECOMMENDED** on June 5, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

9

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).